**The STATE of Ohio**

v.

**SHARP.** ▪

Court of Common Pleas of Ohio,
Medina County.

No. 97 CR 0071.

Decided June 19, 1997.

*David Sheldon,* Medina County Assistant Prosecuting Attorney, for plaintiff.

*William A. LeFaiver,* for defendant.

---

JAMES L. KIMBLER, Judge.

Defendant Peter J. Sharp is charged with a felony DUI. Under R.C. 4511.99 if a defendant has three prior DUI convictions within a six-year period, the fourth offense becomes a felony. In this case, it is undisputed by the state of Ohio that

the first DUI conviction being used to enhance the charge from a misdemeanor to a felony occurred on September 4, 1991.

On that date, the defendant appeared in the Portage County Municipal Court and entered a plea of no contest to a DUI charge. He was sentenced to ten days in jail, seven of which were suspended if he went to a seventy-two-hour DUI program. It is further undisputed by the state of Ohio that the records from the Portage County Municipal Court do not indicate any waiver of the defendant's right to counsel.

The issue presented by the defendant is whether or not an uncounseled DUI conviction, which results in a sentence that requires the defendant to attend a seventy-two-hour DUI program in lieu of a mandatory three-day jail sentence, can be used to enhance a DUI charge to a felony.

The court would note that although the defendant presents this motion as a motion to dismiss and/or remand, it is really a motion to suppress evidence. This court has no authority under the Ohio Rules of Criminal Procedure to remand a case to a municipal court if the court concludes that the charge should actually be a misdemeanor and not a felony.

Furthermore, at trial, the state would have to show the three prior convictions, since it is an element of a felony DUI offense that there be three prior convictions. What the defendant is doing, in reality, is seeking an order from this court that would bar the state from using the evidence of the Portage County Municipal Court conviction of September 4, 1991.

The issue presented by the defendant involves an analysis of three United States Supreme Court decisions interpreting the Sixth Amendment right to counsel, which is applied to state criminal prosecutions because of the Fourteenth Amendment. Those cases are *Baldasar v. Illinois* (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169; *Scott v. Illinois* (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383; and *Nichols v. United States* (1994), 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745.

In *Scott*, the United States Supreme Court held that a defendant charged with a misdemeanor offense has no constitutional right to counsel where no sentence of imprisonment is imposed. In that case, the court focused on the difference between the possible punishment of incarceration versus no incarceration. The court reasoned that historically where the possibility of incarceration exists, it has held that the defendant must either waive his or her right to counsel or counsel must be provided. Conversely, historically, where the possibility of incarceration does not exist for a petty offense, the court has not required either a waiver or the presence of counsel. In *Scott*, however, the court made a distinction between the mere threat of imprisonment compared with actual imprisonment. Only in

the case of actual imprisonment does the Sixth and Fourteenth Amendments require either a valid waiver of counsel or that counsel be furnished to a defendant, if the defendant could not afford counsel.

In *Baldasar,* a split court seemingly held that a prior uncounseled conviction for a petty offense could not be used to enhance a sentence to an increased term of imprisonment. This court uses the word "seemingly," however, since there were three opinions in *Baldasar,* none of which had a clear majority.

*Baldasar* set the stage for *Nichols.* In *Nichols,* the court held that an uncounseled DUI conviction could be used under federal sentencing guidelines to enhance a sentence of imprisonment by twenty-five months. In *Nichols,* the defendant had not been incarcerated as a result of his prior conviction. The court rejected the premise that increasing his sentence by twenty-five months was the equivalent to incarcerating him as a result of an uncounseled conviction. The court adopted the reasoning of *Scott* and held that the only issue is whether or not incarceration was imposed as a result of the original sentence following the uncounseled conviction. If it was not, then collateral ramifications do not matter.

Therefore, the question becomes whether or not the imposition of a seventy-two-hour program is the same as a term of incarceration. If it is, then the holding in *Scott* and *Nichols* would require that the state produce a valid waiver of the defendant's right to counsel. If it is not, then the state would not have to produce such a waiver.

R.C. 4511.99 imposes a mandatory three-day term of incarceration in a jail for a first offense DUI. That section also allows, however, a defendant to be placed on probation and to be required to attend a state-certified driver-intervention program for "three consecutive days" in lieu of the mandatory three-day jail sentence. "Three consecutive days" means seventy-two continuous hours.

This court concludes that a three-day program for DUI offenders is not the same as a three-day period of incarceration. At such a program, a defendant is not booked in, is not in a jail, is not subject to the examination process that may take place when a person is put into a jail, does not suffer the public embarrassment of being known to have been incarcerated in a jail, and is not housed with inmates of a jail. While the defendant's freedom of movement is restricted, as well as his or her freedom of association, during the seventy-two-hour period, the court finds that this is not sufficient to hold that a three-day DUI program is the same as a three-day jail sentence.

Accordingly, the defendant's motion to suppress on the above grounds is overruled.

*Motion overruled.*