OPINION
Scott Watkins appeals from a judgment of the Fairborn Municipal Court, which found him guilty of driving while under the influence of alcohol in violation of R.C. 4511.19(A) ("DWI") and sentenced him as a second offender to sixty days incarceration, with fifty days suspended. The court also ordered Watkins to pay a $350 fine and court costs, placed him on probation for one year, and suspended his driver's license for one year.
Watkins was first convicted of DWI in 1994. The parties do not dispute that Watkins did not have counsel in that case. He was sentenced to ten days of incarceration and a $700 fine plus court costs. The trial court suspended seven of the ten days on the condition that Watkins have no subsequent DWI convictions for five years. The final three days and $350 of the fine were suspended on the condition that Watkins attend a three-day intervention program. The trial court also suspended Watkins' license for one hundred eighty days.
Watkins was again arrested for DWI on May 19, 2000. He pled no contest to the charges and was sentenced as described above. He also moved to have the prior conviction vacated because he did not have counsel and the trial court failed to fully inform him of the consequences of a guilty plea. The trial court denied the motion.
Watkins raises three assignments of error on appeal.
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ACCEPTING A PLEA FROM THE APPELLANT WHEN THE APPELLANT WAS NOT FULLY INFORMED AS TO ALL THE CONSEQUENCES OF SAID PLEA PURSUANT TO CRIMINAL RULE 11, AND IN FAILING TO INQUIRE AND DETERMINE WHETHER APPELLANT'S PLEA WAS ENTERED VOLUNTARILY, INTELLIGENTLY, AND KNOWINGLY.
Under this assignment of error, Watkins argues that the trial court failed to advise him of his rights and the effect of his no contest plea, as required by Crim.R. 11(E). Initially, we note that this case is governed by Traf.R. 10(D), rather than Crim.R. 11(E). See Crim.R. 1(C); Traf.R. 1(A), 2. However, the two rules are identical in all relevant parts, and the framework for analyzing cases involving Crim.R. 11(E) is therefore equally appropriate to cases involving Traf.R. 10(D). Crim.R. 11(E) provides:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
We are presented with the issue of what the trial court is required to advise a defendant of in order to comply with the above rule.
Watkins urges us to accept the reasoning of the Sixth District Court of Appeals, which stated:
 * * * The court, when informing a defendant of the effect of a plea of guilty, no contest or not guilty, pursuant to Crim.R. 11(E), should advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant.
Toledo v. Chiaverini (1983), 11 Ohio App.3d 43, 44. Thus, Chiaverini essentially required that courts in misdemeanor cases follow Crim.R. 11(C), dealing with pleas of guilty and no contest in felony cases. Seven other districts have followed Chiaverini. See, e.g., Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 668 (Eighth District); State v. James (Apr. 26, 2001), Seneca App. No. 13-2000-44, unreported (Third District); State v. Warren (Dec. 13, 1999), Mahoning App. No. 98 CA 69, unreported (Seventh District); State v. Cady (Apr. 5, 1999), Warren App. No. 97-09-102, unreported (Twelfth District); State v. Raimer (Dec. 29, 1998), Geauga App. No. 97-G-2119, unreported (Eleventh District); State v. Newman (Apr. 3, 1998), Scioto App. No. 97 CA 2525, unreported (Fourth District); Twinsburg v. Corporate Security, Inc. (Feb. 21, 1996), Summit App. No. 17265, unreported (Ninth District); State v. Amser Corp. (Oct. 28, 1991), Coshocton App. No. 91-CA-21, unreported (Fifth District).
The state urges us to follow the reasoning of the Tenth District Court of Appeals in State v. George (Apr. 24, 2001), Franklin App. No. 00AP-1071, unreported, which declined to follow Chiaverini and stated that "the court in Chiaverini * * * extended Crim.R. 11(E) beyond its intended scope, and this court declines to do the same." The George court noted that, although the Chiaverini approach may be better, the law did not require it. Id. George held that the trial court substantially complied with Crim.R. 11(E) when it informed the defendant of the maximum penalties it could impose and of the fact that he waived his right to a jury trial by pleading guilty.
This court has discussed Chiaverini in several cases. In the first, decided in 1985, we disagreed with Chiaverini, stating that "the Lucas County Court of Appeals may have read too much into Crim.R. 11(E), and perforce Traf.R. 10(D)." State v. Berndt (Dec. 19, 1985), Montgomery App. No. 8995, unreported, judgment reversed on other grounds (1987),29 Ohio St.3d 504. In Berndt, we noted that Crim.R. 11(B) defined the effect of guilty or no contest pleas and thus set forth all that was required of the trial court pursuant to Crim.R. 11(E). We also noted that, under Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, the trial court was required to advise the defendant that, if he pled no contest, the court would decide the defendant's guilt or innocence based on the facts in the complaint or shown by the prosecution. In other cases, decided in 1997 and 1998, this court cited Chiaverini with approval, but without much discussion. See State v. Roberson (June 20, 1997), Montgomery App. No. 16052, unreported; State v. Izeh (Oct. 2, 1998), Greene App. No. 97 CA 122, unreported. Thus, we are confronted with not only a division among the various appellate districts, but also with inconsistency in the decisions of this court.
We believe that our decision in Berndt articulated the correct interpretation of Crim.R. 11(E). Although we recognize that most appellate districts have followed Chiaverini, we cannot read Crim.R. 11(E) as expansively as the Sixth District did in that case. Crim.R. 11(E) clearly requires less of a court than does Crim.R. 11(C). Crim.R. 11(C) explicitly states that a court must advise a defendant pleading guilty or no contest that he is waiving his right to a jury trial, his right to confront witnesses, his right to have compulsory process for obtaining witnesses, his right against self-incrimination, and the requirement that the state prove his guilt beyond a reasonable doubt. In sharp contrast, Crim.R. 11(E) requires only that the trial court inform the defendant "of the effect of the plea of guilty, no contest, and not guilty," which is defined in Crim.R. 11(B). We cannot read this rule to require the trial court to effectively follow Crim.R. 11(C) in all cases regardless of whether they involve felonies or misdemeanors.
Thus, under Berndt, the trial court was only required to advise Watkins of the effect of his no contest plea, which the court did. The trial court advised Watkins as follows: "[N]o contest means you're not admitting you are guilty, but you are also not contesting the facts in the Complaint and Affidavit. Based on those facts, the Court could and probably would find you guilty." Thus, the trial court complied with Crim.R. 11(E) as we interpret it.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE HIS PRIOR CONVICTION FOR VIOLATING R.C. 4511.19(A)(1); OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.
Under this assignment of error, Watkins appeals the trial court's denial of his motion to vacate his 1994 conviction. Watkins made this motion under the 1994 case number; however, he appeals it in this case. If Watkins wished to appeal the denial of the motion to vacate his 1994 conviction, he needed to do so under the 1994 case number. As it stands, we have no jurisdiction to consider this assignment of error.
The second assignment of error is overruled.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A MANDATORY MINIMUM TEN DAY JAIL SENTENCE ON APPELLANT AND IN ENHANCING APPELLANT'S SENTENCE OF INCARCERATION WITH THE USE OF UNCOUNSELED PRIOR CONVICTION.
Under this assignment of error, Watkins argues that the trial court should not have sentenced him as a second offender where he pled guilty in the 1994 case without an attorney and without having waived his right to an attorney. The state argues that Watkins was not entitled to an attorney in the 1994 case because he was not sentenced to actual imprisonment.
To prevent the use of his prior conviction to enhance the penalty of his second conviction, Watkins was required to "present sufficient evidence to establish a prima facie showing of a constitutional infirmity." State v. Adams (1988), 37 Ohio St.3d 295, 297. We have some reservations regarding whether Watkins presented sufficient evidence to the trial court of a constitutional infirmity in his prior plea. However, we will assume for the purposes of this analysis that he did.
The constitutional infirmity that Watkins alleges is that he did not have counsel when he pled guilty in 1994 and that he did not waive his right to counsel. Initially, we cannot discern from either the record or the briefs whether Watkins was indigent at the time of the 1994 conviction. If he was not, he was not entitled to have an attorney appointed for him and his decision not to procure one on his own does not constitute a constitutional violation. However, if Watkins were indigent in the 1994 case, then the analysis of his right to counsel becomes more complex.
The United States Supreme Court has held that a defendant in a misdemeanor case does not have a constitutional right to an attorney where the court did not impose an actual sentence of imprisonment. See Scott v. Illinois (1979), 440 U.S. 367, 373-74, 99 S.Ct. 1158, 1162. Thus, the Court adopted "actual imprisonment as the line defining the constitutional right to appointment of counsel." Id. In a subsequent case, the Court held further that an uncounseled conviction that is valid under Scott may be used to enhance the penalty in a subsequent conviction. See Nichols v. United States (1994), 511 U.S. 738, 746-47,114 S.Ct. 1921, 1927. Thus, our inquiry is whether Watkins' guilty plea in the first case was valid under Scott, which turns on whether he was sentenced to actual imprisonment.
In the 1994 case, the judge sentenced Watkins to ten days and suspended seven of those days on the condition that Watkins not have another DWI conviction within five years. The remaining three days were suspended on the condition that Watkins attended a three day alcohol treatment program, which was authorized by R.C. 4511.99. Thus, we must determine whether the program amounts to actual imprisonment. Only one Ohio case has addressed this issue. In State v. Sharp (1997), 90 Ohio Misc.2d 1, the Medina County Court of Common Pleas held that the three day treatment program was not the same as a three day period of incarceration. That court noted that there were many differences between the treatment program and a jail term:
 At such a program, a defendant is not booked in, is not in a jail, is not subject to the examination process that may take place when a person is put into a jail, does not suffer the public embarrassment of being known to have been incarcerated in a jail, and is not housed with inmates of a jail. While the defendant's freedom of movement is restricted, as well as his or her freedom of association, during the seventy-two-hour period, the court finds that this is not sufficient to hold that a three-day DUI program is the same as a three-day jail sentence.
Id. at 3. Thus, the Sharp court found that the treatment program was not actual imprisonment that required the defendant to be represented by counsel or to have waived the right to be represented by counsel. We agree with the decision in that case and conclude that a three-day alcohol treatment program is not actual imprisonment. Therefore, as Watkins was not sentenced to actual imprisonment in the 1994 case, he was not entitled to counsel, and his guilty plea without the benefit of counsel is not constitutionally infirm. The trial court did not err in sentencing Watkins as a second offender based on the 1994 conviction.
The third assignment of error is overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.