JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Stephen Romain, appeals his enhanced sentence for a conviction of operating a motor vehicle while under the influence of alcohol. After review of the record and the arguments of the parties, we reverse the enhancement of appellant's sentence and remand the matter for resentencing.
 {¶ 2} On February 4, 2005, appellant was arrested in the city of Parma for driving under the influence of alcohol, in violation of R.C. 4511.19. On that date, an officer of the Parma Police Department was in the process of issuing a traffic citation to a person who is not a party in this matter, and his police cruiser was stopped along the roadside. While driving on the same road, appellant crashed his vehicle into the officer's stopped police cruiser. When the officer went to investigate the accident, he smelled alcohol emanating from appellant and asked him to perform a field sobriety test. Appellant was unable to perform, and he was arrested.
 {¶ 3} At the Parma Police Department, appellant refused to submit to a breath test. As a result, he was issued the following citations: operating a vehicle while under the influence ("OVI"), in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree; failure to maintain reasonable control, in violation of section 333.025 of the Parma Municipal Code, a misdemeanor of the fourth degree; failure to have two operating headlights, in violation of section 337.03 of the Parma Municipal Code, a misdemeanor of the fourth degree; and excessive smoke/improper muffler, in violation of section 337.20 of the Parma Municipal Code, a misdemeanor of the fourth degree.
 {¶ 4} Prior to this incident, appellant had been convicted of OVI twice within the past six years. In 2003, he pleaded no contest and was found guilty of OVI in the village of Walton Hills. In 2004, he again pleaded no contest and was found guilty of OVI, this time in the city of Garfield Heights. He was not represented by counsel in either of those two prior cases.
 {¶ 5} On April 5, 2005, appellant filed a motion in limine to exclude his prior convictions from the trial court's consideration for enhancement purposes. On July 1, 2005, the city of Parma filed a motion to dismiss the motion, and on July 15, 2005, the trial court denied the motion in its entirety, allowing both convictions to be used to enhance appellant's current offense.
 {¶ 6} On August 16, 2005, appellant entered a plea of no contest and was found guilty of each citation. The trial court further found this conviction to be his third OVI conviction within the past six years. On September 26, 2005, he was sentenced in accordance with the state statute for a third OVI conviction within six years. He now appeals from this enhanced sentence asserting a single assignment of error:
 {¶ 7} "I. THE COURT COMMITTED PREJUDICIAL ERROR BY SENTENCING DEFENDANT/APPELLANT BY CONSIDERING PRIOR UNCOUNSELED CONVICTIONS TO ENHANCE PUNISHMENT IN THIS CASE."
 {¶ 8} In his appeal, appellant contends that the trial court erred in sentencing him as a third-time OVI offender within six years, thereby enhancing his sentence. He argues that because he was not represented by counsel at either of his prior pleas leading to his first two OVI convictions, they may not be considered for sentence enhancement purposes. Appellant has sufficiently raised a challenge alleging that his prior convictions were improperly considered by the trial court, thus the burden shifts to the appellee to demonstrate that the convictions may be used for sentence enhancement despite the fact that they may have been uncounseled. State v. Adams (1988),37 Ohio St.3d 295, 525 N.E.2d 1361. The circumstances of appellant's prior convictions warrant their consideration.
 {¶ 9} Appellant's more recent prior OVI conviction occurred in 2004 in Garfield Heights, pursuant to his plea of no contest in Garfield Heights Municipal Court (Case No. TRC-0307877). The record indicates that appellant entered his plea without any representation by counsel. The law is clear that an uncounseled conviction cannot be used to enhance a sentence in a later conviction. Baldasar v. Illinois (1980), 446 U.S. 222,100 S.Ct. 1585, 64 L.Ed.2d 169; State v. Brandon (1989),45 Ohio St.3d 85, 543 N.E.2d 501.
 {¶ 10} This court has defined an uncounseled conviction as one where a defendant was neither represented by counsel nor has made a knowing and intelligent waiver of counsel. State v.Vales (Feb. 24, 2000), Cuyahoga App. No. 75653, citing State v.Carrion (1992), 84 Ohio App.3d 27, 31, 616 N.E.2d 261. A defendant who is afforded the right to counsel, but rejects that right, has not suffered from an uncounseled conviction. Id. Accordingly, appellant did not suffer from an uncounseled conviction pursuant to his plea before the Garfield Heights Municipal Court.
 {¶ 11} The record demonstrates that in his 2004 OVI conviction, appellant properly executed a "plea form," clearly waiving his right to counsel. He signed a form, dated January 15, 2004, indicating his intention to waive his rights to both counsel and a jury trial and to enter a plea of no contest. The form is clearly marked, and from appellant's conscious choice in entering a specific plea of "no contest" as opposed to "guilty," it is evident that the form was executed knowingly and intelligently.
 {¶ 12} Where questions arise concerning a prior conviction, a reviewing court must presume that all underlying proceedings were conducted in accordance with the rules of law. Brandon, supra. In addition, this court has held that "in determining whether a prior uncounseled conviction can be used to enhance the sentence in a subsequent conviction, * * * the waiver of counsel need not appear on the record in open court. In State v. Carrion,
[supra], the court held that the defendant's signature on a written waiver form was sufficient to demonstrate a knowing and intelligent waiver of the right to counsel. The court reasoned that, without any evidence in the record that the signed waiver was faulty, the waiver must be presumed to be proper." Vales,
supra at 9.
 {¶ 13} Here, there is clear evidence of a form signed by appellant waiving his constitutional right to counsel, with no evidence of fault with that waiver. Therefore, his 2004 OVI conviction cannot be held to have been uncounseled, and it was entirely proper for the trial court to have considered that prior conviction for enhancement purposes.
 {¶ 14} Appellant's first OVI conviction raises more concerns for this court than does the previously discussed conviction. That OVI conviction occurred in 2003 in the village of Walton Hills, pursuant to his plea of no contest in Walton Hills Mayor's Court (Case No. 2003-0230). In that case, the record does not indicate that appellant was represented by counsel, nor does it give explicit indication that he effectively waived his right to counsel. However, in State v. Rockburn, Cuyahoga App. No. 82196, 2003-Ohio-3537, this court held:
 {¶ 15} "The right to be represented by counsel arises from the Sixth Amendment of the United States Constitution and is made applicable to the states through the Fourteenth Amendment. Absent a valid waiver, a person cannot be imprisoned for any misdemeanor offense unless represented by counsel. Scott v. Illinois
(1979), 440 U.S. 367, 59 L.Ed.2d 383, 99 S.Ct. 1158. However, if a sentence of imprisonment is not imposed, a misdemeanor defendant has no constitutional right to counsel. The Scott
court specifically chose actual imprisonment as the line delimiting the constitutional right to appointment of counsel, reasoning the actual imprisonment is a different breed of penalty than fines or the mere threat of imprisonment. Id. at 373.
 {¶ 16} "No uncounseled conviction resulting in a sentence of imprisonment may be used to enhance the penalty for a subsequent conviction. State v. O'Neill (2000), 140 Ohio App.3d 48,746 N.E.2d 654. However, where no incarceration was imposed as a result of an uncounseled conviction for a misdemeanor offense, the conviction may be used to enhance punishment for a subsequent conviction. Nichols v. United States (1994), 511 U.S. 738,128 L.Ed.2d 745, 114 S.Ct. 1921." Id. at 4-5.
 {¶ 17} Pursuant to his 2003 OVI conviction, the record indicates that appellant was sentenced to ten days in jail, with seven of those days suspended and the remaining three days to be spent in a three-day alcohol program. Appellant was not subjected to any probation or community control sanctions.
 {¶ 18} As the United States Supreme Court indicated inScott, supra, the key in determining the validity of an uncounseled plea in a misdemeanor case is actual imprisonment.
The question arises here as to whether appellant's unconditionally suspended sentence amounts to actual imprisonment. In Alabama v. Shelton (2002), 535 U.S. 654,122 S.Ct. 1764, the United States Supreme Court did find that a "suspended sentence that may end up in actual deprivation of aperson's liberty may not be imposed unless the defendant was accorded the guiding hand of counsel." Id., syllabus, (emphasis added). Pursuant to that logic, the Court in that case found the defendant's suspended sentence amounted to actual imprisonment. Id.
 {¶ 19} The defendant in Shelton, supra, was placed on two years of probation, conditioning his suspended sentence and availing him of the possibility of incarceration in the future. This is not the case here. Appellant's seven days of jail time were unconditionally suspended with no evidence of any reservation of the right to reinstate them in the future, and appellant was not placed on any probation or community control sanction that could subject him to incarceration in the future as punishment for his 2003 OVI conviction. So appellant did not suffer any actual incarceration with respect to the suspended seven days.
 {¶ 20} A question remains as to whether the imposition of three days in an alcohol program amounted to incarceration. While Ohio courts have been slow to definitively answer whether such a program equates to actual imprisonment, those courts that have addressed the issue have held that the programs do not amount to incarceration. "In State v. Sharp (1997), 90 Ohio Misc. 2d 1,694 N.E.2d 1003, the Medina County Court of Common Pleas held that [a] three day treatment program was not the same as a three day period of incarceration. That court noted that there were many differences between the treatment program and a jail term: At such a program, a defendant is not booked in, is not in a jail, is not subject to the examination process that may take place when a person is put into a jail, does not suffer the public embarrassment of being known to have been incarcerated in a jail, and is not housed with inmates of a jail. While the defendant's freedom of movement is restricted, as well as his or her freedom of association, during the seventy-two-hour period, the court finds that this is not sufficient to hold that a three-day DUI program is the same as a three-day jail sentence."State v. Watkins, 2001 Ohio 1841, at 11. We do not agree.
 {¶ 21} R.C. 4511.19(G)(1)(a)(i) mandates that an offender be sentenced to three days in jail; however, "[t]he court may suspend the execution of the three-day jail term under this division if the court, in lieu of that suspended term, places the offender under a community control sanction pursuant to section2929.25 of the Revised Code and requires the offender to attend, for the suspended part of the term a drivers' intervention program so certified * * *" under section 3793.10 of the Revised Code.
 {¶ 22} While it is true the three-day alternative to jail is served in a hotel setting rather than a jail, and the focus is on education and treatment, not punishment, participants are not free to leave and must comply with the program format. UnderAlabama v. Shelton, supra, suspended sentences amount to "actual imprisonment" where there is the possibility that there may be an actual deprivation of a person's liberty.
 {¶ 23} Since appellant had no options other than to either complete the three-day program or serve the time in jail, a deprivation of his liberty did occur. Furthermore, the statute is mandatory, not discretionary, and we find the mandatory nature of the statute controlling. So "actual imprisonment," as contemplated by Alabama v. Shelton, supra, did occur in this case. In view of this, appellant's Walton Hills OVI conviction may not be used for enhancement purposes.
 {¶ 24} Judgment of enhancement is reversed and the matter is remanded for resentencing in accordance with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Blackmon, J., concur.