DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio, appeals from the decision of the Lorain County Court of Common Pleas granting Appellee's motion in limine. We reverse and remand.
 I. {¶ 2} On February 16, 2005, Appellee, Kenneth Redfearn, was indicted on one count of gross sexual imposition, in violation of R.C. 2907.05, for alleged sexual contact with his granddaughter, M.R. Appellee pled not guilty and the matter was set for a jury trial on October 16, 2006. On October 4, 2006, Appellee filed a motion in limine seeking to exclude statements made by M.R. to her *Page 2 
mother, to a clinical counselor and to a representative of Lorain County Children Services. M.R. was 2 years and 9 months old when she made the statements implicating Appellant. The State did not respond to the motion in limine. The motion was argued the morning of trial, October 16, 2006. The State argued that the statements should be admissible as either excited utterances under Evid.R. 803(2) or statements made for the purpose of medical diagnosis or treatment under Evid.R. 803(4). The trial court determined that M.R.'s statements were not excited utterances and conducted a competency hearing to determine if she was competent to testify at trial under Evid.R. 601(A). The trial court found that she was not competent, and that because she was incompetent, her statements were not admissible at trial. The trial court therefore granted Appellee's motion in limine on October 16, and proceeded to empanel a jury. On October 17, the State asked the trial court to reconsider its earlier grant of the motion in limine. The trial court again heard arguments from the parties and upon reconsideration, affirmed its prior ruling. Upon this ruling, the State requested leave to appeal pursuant to Crim.R. 12(K). The trial court granted leave and reserved the jury pending the appeal. On October 24, 2006, the State filed its notice of appeal, asking this Court to review the trial court's decision regarding only the admission of M.R.'s statements to the professional clinical counselor.
 II. *Page 3 ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION IN LIMINIE (sic)."
 {¶ 3} In its sole assignment of error, the State argues that the trial court erred when it granted Appellee's motion in limine. We agree.
 {¶ 4} At the outset, we note that Appellee's motion in limine, "the disposition of which is interlocutory[,] * * * does not ordinarily give rise to immediate appellate review." State v. Jackson (1993),92 Ohio App.3d 467, 469. While Appellant does not raise this argument, we find it necessary to set forth the law as it affects our ability to review Appellant's arguments and our standard of review. The Ohio Supreme Court has noted that
 "[a]ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed[.]" State v. Davidson (1985), 17 Ohio St.3d 132, syllabus; Crim.R. 12(K).
 {¶ 5} As the evidentiary ruling excluding the statements of the victim renders the State's case so weak as to preclude effective prosecution, we will treat the pre-trial ruling as a ruling on a motion to suppress.
 {¶ 6} We next address Appellee's contentions regarding the procedural aspects of the State's appeal. According to Crim.R. 12(K), the State may appeal from an order suppressing evidence so long as the notice of appeal and the certification by the prosecutor are "filed with the clerk of the trial court within *Page 4 
seven days after the date of the entry of the judgment or order granting the motion." Appellee contends that the State has not appealed from the proper order granting judgment, but rather, has appealed from an entry that is not a final, appealable order. We do not agree.
 {¶ 7} There are two journal entries in the instant case. The first order ("Order 1") written on October 16, 2006, but entered into judgment on October 17, 2006, granted Appellee's motion in limine. The second order, ("Order 2"), written and entered into judgment on October 17, 2006, is in response to the State's motion for reconsideration of the trial court's grant of the motion in limine. We agree with Appellee that Order 1 is the operative order at issue. There is no authority in the Criminal Rules for a motion for reconsideration after a final judgment in a trial court and as such, it is considered a nullity. State v.Perry, 4th Dist. No. 04CA33, 2005-Ohio-3687, at ¶ 11, citingCleveland Heights v. Richardson (1983), 9 Ohio App.3d 152, 154;State v. Hicks (May 30, 1991), 8th Dist. No. 60985, at *1; State v.Carpenter (June 15, 1990), 3d Dist. No. 1-88-58, at *1; Geneva v.Zendarski (June 26, 1987), 11th Dist. No. 1305, at *1.
 {¶ 8} We do not, however, agree with Appellee's contention that the State did not challenge Order 1, granting the motion in limine. The State's notice of appeal, filed on October 24, 2006, gives notice of "its intent to appeal the trial court's decision granting [Appellee's] Motion in Liminie (sic) which was entered in this action on October 16 and 17, 2006." Regardless of the fact that the State *Page 5 
was ambiguous regarding the date the journal entries were written and the date they were entered on the record, it has properly given notice of its intent to appeal from the grant of the motion in limine, and not the denial of the motion to reconsider, as Appellee contends.
 {¶ 9} Further, the State's notice of appeal was timely entered as it was time stamped "within seven days" after judgment was entered. Crim.R. 12(K). App.R. 4(D) states that "[a]s used in this rule, `entry' or `entered' means when a judgment or order is entered under * * * Crim.R. 32(C)." Crim.R. 32(C) states that a judgment is effective only when it has been entered by the clerk on the court's journal. This is evidenced by the clerk's time stamp, not the date the journal entry was written. In the present case, both Orders bear an October 17, 2006 time stamp. Therefore, we find that the State has properly appealed from the trial court's grant of the motion in limine within the seven day time frame allotted in Crim.R. 12(K).
 {¶ 10} Appellee further contends that by electing to proceed to trial, the State waived its right to appeal. In the instant case, the motion was heard and ruled on and then the jury was impaneled. When the court adjourned, the jury was excused, with the trial set to continue the next day. The following day, the State moved the trial court to reconsider its ruling, which the court denied. The State then requested, and was granted, leave to appeal. Under Crim.R. 12(K), the State may appeal from an order suppressing evidence so long as the prosecuting *Page 6 
attorney certifies, within seven days after the date of entry, that the appeal is not taken for purposes of delay and that the ruling on the motion has rendered the State's proof so weak as to effectively destroy prosecution. As stated above, we find that the State has met the mandated seven day time frame in which to appeal, certifying that the appeal is necessary under the requirements of the rule. We do not agree with Appellee's contention that by impaneling the jury, the State has waived its right to appeal under Crim.R. 12(K). "Because of the procedural safeguards provided by certification, Crim.R. 12[(K)] allows for expedited appeals from evidentiary rulings during trial without impermissibly infringing upon a defendant's interest in an uninterrupted trial." State v. Malinovsky (1991), 60 Ohio St.3d 20, paragraph one of the syllabus. The trial court did not dismiss the case or discharge the jury, but instead preserved the jury for further proceedings pending appellate review. "[I]t has been held that although the constitutional guarantee against double jeopardy generally attaches upon impanelment of the jury, it is not absolute until there is a dismissal or acquittal based upon a factual finding of innocence." State v. Copley (Mar. 6, 1992), 4th Dist. No. 1965, at *5, citing United States v. Scott (1978),437 U.S. 82, 96-97. Therefore, we do not agree with Appellee's contention that the State waived its right to appeal by proceeding to impanel the jury. We will next address Appellant's arguments on the merits. *Page 7 
 {¶ 11} An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. The trial court acts as the trier of fact during a suppression hearing, and is therefore best equipped "`to resolve questions of fact and evaluate the credibility of witnesses.'" State v. Hopfer (1996), 112 Ohio App.3d 521, 548, quotingState v. Venham (1994), 96 Ohio App.3d 649, 653. Accordingly, this Court accepts the trial court's findings of fact so long as "they are supported by competent, credible evidence." State v. Guysinger (1993),86 Ohio App.3d 592, 594. "The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v.Russell (1998), 127 Ohio App.3d 414, 416.
 {¶ 12} Appellant only appeals from the trial court's decision regarding M.R.'s statements made to Christy Sugarman ("Sugarman") the clinical counselor, alleging the statements were made for medical purposes under Evid.R. 803(4). Specifically, the issue before us is whether a finding of competency is a condition precedent to the admissibility of an out of court statement. We recognize that this *Page 8 
issue has been certified as a conflict and is pending before the Ohio Supreme Court[1]. State v. Muttart, 111 Ohio St.3d 1408 (Table). As such, we acknowledge that in its determination of the issue, the trial court lacked the clear guidance necessary to resolve such a difficult question.
 {¶ 13} In the instant case, the trial court held a hearing to determine if M.R. was competent under Evid.R. 601, and found "that the hearsay exception under [Evid.R.] 803(4) required competency of the witness at the time those statements were made, and finding that the incompetency of [M.R.] not only occurs today, but would have also been the consideration in April of 2004[.]" The trial court excluded all of M.R's statements to Sugarman. While we appreciate the trial court's reasoning, we do not agree with its determination.
 {¶ 14} We have previously stated that "[t]he judicial determination of legal competency of a child * * * for trial purposes is a * * * different consideration than * * * admissibility of hearsay statements of the same child made to a physician during diagnosis and treatment." (Internal quotations omitted.) State v. Miller (1988), 43 Ohio App.3d 44, 46, quoting Ferrell v. Ferrell (Mar. 14, 1986), 6th Dist. No. H-84-39, at *3. Further, we have noted that *Page 9 
 "[t]hese are independent considerations. * * * [T]he hearsay exception focuses on the relationship between the physician and patient and the inherent reliability and trustworthiness of declarations made within that relationship. Therefore, where the statements otherwise meet the criteria for admission under [Evid.R.] 803(4), it is not a condition precedent to admissibility of statements made to a physician for purposes of diagnosis and treatment that a child be declared competent to testify under Evid.R. 601." Gress v. Gress (Apr. 27, 1988), 9th Dist. No. 13191, at *2, citing Ferrell, supra, at *3.
 {¶ 15} Since our decisions finding that competency was not a prerequisite to admit a statement made for medical purposes, the Ohio Supreme Court has determined that a review of the circumstances surrounding the statements is a prerequisite. In State v. Dever (1992),64 Ohio St.3d 401, the Ohio Supreme Court held that "[statements made by a child during a medical examination identifying the perpetrator of sexual abuse, if made for purposes of diagnosis and treatment, are admissible pursuant to Evid.R. 803(4), when such statements are made for the purposes enumerated in that rule." Id. at paragraph two of the syllabus. The child in Dever was determined to be incompetent to testify at trial under Evid.R. 601. However, the child's doctor was permitted to repeat statements the child made pursuant to Evid.R. 803(4). The Court found that the trial court did not err in finding that the child's statements were admissible as statements made for medical purposes. Id. at 409.
 {¶ 16} Evid.R. 803 enumerates several statements that "are not excluded by the hearsay rule, even though the declarant is available as a witness[.]" Included are statements made for medical purposes. These statements are "made for *Page 10 
purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Evid.R. 803(4). This exclusion from hearsay is based upon the belief that the declarant's subjective motive to seek treatment generally guarantees that the statement is trustworthy. This is so because treatment depends on the accuracy of the statements and therefore, the declarant is motivated to tell the truth. Dever, 64 Ohio St.3d at 407. The Court also noted that this subjective motivation is often lacking from children because they generally do not seek treatment.
 "While we recognize that a young child would probably not personally seek treatment, but would generally be directed to treatment by an adult, we do not find that the child's statements relating to medical diagnosis or treatment are always untrustworthy for that reason alone. Once the child is at the doctor's office, the probability of understanding the significance of the visit is heightened and the motivation for diagnosis and treatment will normally be present. * * * Everyday experience tells us most children know that if they do not tell the truth to the person treating them, they may get worse and not better. An overly strict motivational requirement for the statements of young children will almost always keep those statements out of evidence. That is not an acceptable balance of competing interests. * * * In many situations, the statements of young children are sufficiently trustworthy and can be appropriately admitted pursuant to Evid.R. 803(4)." (Emphasis sic.) Dever, 64 Ohio St.3d at 409-410.
 {¶ l7} In light of the Court's perceived competing interests with regard to the admissibility of statements made for medical purposes, theDever Court found that the focus of the rule *Page 11 
 "must be slightly different when a child is involved. * * * The trial court should consider the circumstances surrounding the making of the hearsay statement. If the trial court finds in voir dire that the child's statements were inappropriately influence by another, then those statements would not have been made for the purpose of diagnosis or treatment. This inquiry will vary, depending on the facts of each case. For example, the trial court may consider whether the child's statement was in response to a suggestive or leading question * * *, and any other factor which would affect the reliability of the statements. If no such factors exist, then the evidence should be admitted. The credibility of the statements would then be for the jury to evaluate in its role as factfinder." Id. at 410.
 {¶ 18} The Dever Court further noted that another reliability factor pertinent to statements made for medical diagnosis is the fact that the statements are relied on by the treating doctors. Id. at 411. This "professional reliance" factor, according to the Court, provided further support for the admission of hearsay statements made by young children. Id. at 411-412. In other words, the Dever Court would require a further inquiry into the circumstances surrounding the examination of the child "to `determine whether the child understood the need to be truthful[.]'" Id. at 412, quoting People v. Meeboer (1992), 439 Mich. 310, 322-323. In the instant case, there was no such inquiry. The trial judge questioned M.R. about her birthday, her family life and whether she knew what a lie was. There were no witnesses presented at this hearing from which the court could determine the surroundings of the child's examination by Sugarman. As the trial judge aptly pointed out, the evidence may be presented at trial, either through M.R's mother, or Sugarman herself, that could change the circumstances relating *Page 12 
to the admissibility of the statements. He expressed the view that "evidence as to what was said to [M.R.] as to why the doctor referred her to the social worker and what the 2-and-three-quarter-year-old knew at the time that she made these statements to Ms. Sugarman are relevant for that aspect of this determination." He did find that "[t]he statements made to Ms. Sugarman I think do come within the medical diagnosis or treatment." However, he determined that
 "from my perspective, a prerequisite is understanding the obligation to tell the truth. If we presume that somebody will tell the medical practitioner the truth, that presumption can't go beyond the ability of the individual to tell the truth and understand that responsibility. And right now I have no information that would indicate that anybody related to her before she met Ms. Sugarman * * * the obligation to tell her to be truthful."
 {¶ 19} Therefore, as he had no information surrounding the nature of the exam with Sugarman, the trial judge determined that based on his previous decision that M.R. was incompetent at the time, she must have been incompetent at the time she made the statements. We find that the trial court erred as a matter of law by excluding the statements without considering the circumstances surrounding the making of the hearsay statement. Dever, at 410.
 {¶ 20} Contrary to the dissent's interpretation of our opinion, we do not contemplate only an examination of the circumstances surrounding the alleged victim's statement's without consideration of her ability to accurately receive, remember, and intelligently communicate impressions of fact. Rather, we read the Dever test to encompass this analysis. Specifically, the Court allows a review of *Page 13 
"any other factor which would affect the reliability of these statements." Id. Inasmuch as these factors would affect the reliability of the statements made to a treating physician, the dissent is incorrect in its assertion that we do not contemplate an examination of these factors. However, we disagree with the dissent's view that these factors present a threshold requirement that must be met before a Dever analysis can be conducted. Had the Ohio Supreme Court required such a threshold, it would have set it forth in Dever. As the Court has not done so, we decline to make the requirement here.
 {¶ 21} The Court in Dever also explained the implications of Evid.R. 807. This rule provides an exception to the general hearsay rule for child statements in abuse cases. Evid.R. 807 "requires an examination of the totality of the circumstances surrounding statements made by a child in a child abuse case in order to determine admissibility." Id., at 414. This focus is fundamentally different than Evid.R. 803(4) which goes "soley to whether a statement was made for purposes of medical diagnosis or treatment. If a statement is made for purposes of diagnosis or treatment, it is admissible pursuant to Evid.R. 803(4)." (Emphasis sic.) Id. As such, a finding of competency is required under the terms of Evid.R. 807. State v. Said (1994), 71 Ohio St.3d 473, 477. Conversely, if the child is found incompetent, the statements are not admissible under Evid.R. 807. The precise issue before the Ohio Supreme Court is whether the competency requirement under Evid.R. 807 extends to the admissibility of statements under *Page 14 
Evid.R. 803(4). As the Court has yet to resolve this issue, we are not bound to read Said as requiring a competency finding for the admissibility of a statement made for medical purposes and therefore we decline to do so here. However, we are bound by the Court's decision inDever, requiring an examination of the circumstances surrounding the statement and any factors which would affect the reliability of the statements. Dever, at 410. Accordingly, Appellant's assignment of error is sustained and we reverse and remand with instructions for the trial court to hold a hearing in compliance with Dever.
 III. {¶ 22} Appellant's sole assignment of error is sustained and the judgment of the Lorain County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 15 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
CARR, P. J.
CONCURS
[1] The certified question before the Court was "[m]ust a child victim's statements, made for purposes of medical diagnosis and treatment (Evid.R. 803(4)), be excluded from admission at trial, pursuant to State v. Said (1994), 71 Ohio St.3d 473, where there has been no prior determination by the trial court that the child was competent at the time the statement was made?"