DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant, the State of Ohio, appeals from the decision of the Lorain County Court of Common Pleas granting Defendant-Appellee Wesley Noble's motion in limine. This Court affirms.
 I. {¶ 2} Noble was involved in a one-car accident on or about December 3, 2005. When police arrived at the scene, Noble appeared to be intoxicated. Noble refused to submit to a breathalyzer test, but he failed several field sobriety tests.
Noble's arrest as a result of this encounter constituted his sixth arrest for driving *Page 2 
under the influence. The other arrests, in November 1992, two in April 1996, January 1999, and August 2003, all resulted in DUI convictions.
 {¶ 3} On March 22, 2006, a grand jury indicted Noble for driving under the influence in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree, and for refusing to submit to a test as requested by an officer in violation of R.C.4511.19(A)(2)(b), a misdemeanor of the first degree. The felony charge also contained a specification finding that Noble, "within twenty years of committing the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses."
 {¶ 4} On May 25, 2006, Noble filed a motion to strike all of his prior convictions and the specification from the indictment. Noble argued that the State could not use his past convictions to enhance his new charges because his previous convictions were constitutionally infirm. After a hearing, however, Noble agreed to contest only the validity of the November 1992 conviction, Elyria Municipal Court No. 92-TRC-11932. The court then held another hearing to receive evidence solely as to that conviction. At the hearing, the State presented the court with a certified copy of the docket entry in the 1992 case and a videotape of the arraignment, plea, and sentence in that case. Although the videotape evidenced that Noble had signed some type of written waiver when entering his plea, the State was unable to produce the written waiver for the trial court. *Page 3 
 {¶ 5} On December 28, 2006, the trial court granted Noble's motion. The court found that Noble's 1992 conviction was constitutionally infirm because the judge in that case failed to fully apprise Noble of his right to appointed counsel despite some indication that Noble was indigent at the time that he entered his plea. The State has timely appealed the trial court's ruling, raising one assignment of error.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION TO STRIKE/LIMINIE (sic)."
 {¶ 6} The State argues that the trial court erred in finding that Noble had set forth a prima facie case of constitutional infirmity as to his November 1992 conviction. This Court disagrees.
 {¶ 7} Although a ruling on a motion in limine is generally interlocutory in nature, we allow the State to immediately appeal from such rulings in certain instances. State v. Redfearn, 9th Dist. No. 06CA009040, 2007-Ohio-4108, at ¶ 4.
The Ohio Supreme Court has explained that:
 "[a]ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed[.]" State v. Davidson (1985), 17 Ohio St.3d 132, syllabus; Crim.R. 12(K). *Page 4 
Since the trial court's ruling deprived the State of its ability to effectively prosecute Noble on the specification of having previously committed five or more DUI offenses, we will treat the pre-trial ruling as a ruling on a motion to suppress.
 {¶ 8} In making its ruling on a motion to suppress, the trial court makes both legal and factual findings. State v. Jones (Mar. 13, 2002), 9th Dist. No. 20810. It follows that this Court's review of a denial of a motion to suppress involves both questions of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. As such, this Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v. Searls (1997),118 Ohio App.3d 739, 741. However, the application of the law to those facts will be reviewed de novo. Id.
 {¶ 9} The State may use an offender's previous DUI convictions to increase the current charges against him and to enhance his sentence upon his conviction. See R.C. 4511.19(G)(1)(d) (governing increased penalties for an offender with five or more violations within twenty years of the current offense). When a prior conviction actually "transform[s] the crime itself by increasing its degree[,] * * * [t]he prior conviction is an essential element of the crime and must be proved by the state." State v. Allen (1987), 29 Ohio St.3d 53, 54. Therefore, since Noble's five earlier convictions are elements of his fourth degree felony, the State has the burden of proving those convictions beyond a reasonable doubt. See State v. Brooke, 113 Ohio St.3d 199,2007-Ohio-1533, at ¶ 8. *Page 5 
 {¶ 10} A criminal defendant has a limited right to collaterally attack a prior conviction when the State intends to use the conviction to enhance a later criminal offense. Id. at ¶ 9. A prior uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement.Nichols v. United States (1994), 511 U.S. 738, 749. Under the penalty enhancement provisions of R.C. 4511.19, once a defendant presents a prima facie showing that a prior conviction was unconstitutional because it was uncounseled and resulted in confinement, the burden shifts to the State. Brooke, supra, at paragraph one of the syllabus. The State must then show that the defendant properly waived his right to counsel. Id. If the State cannot meet its burden, then it may not use the prior conviction pursuant to R.C. 4511.19. Id.
 {¶ 11} According to the record it appears that the trial court held up to two hearings on Noble's motion in limine. However, it is not clear whether any hearing that the court held was an evidentiary hearing or whether testimony was entered during the hearing(s). An appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. App.R. 9(B). See State v.Williams (1995), 73 Ohio St.3d 153, 160. Accordingly, it is the appellant's duty to provide a transcript for appellate review because he bears the burden of demonstrating error by reference to matters in the record. State v. Skaggs (1978), 53 Ohio St.2d 162, 163. When the record is incomplete, this Court must presume the regularity of the trial court's proceedings and affirm its decision. *Page 6 Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. See, also,Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409 (declaring where portions of the record are omitted and necessary for effective review, the appellate court must affirm).
 {¶ 12} The State argues that the trial court erred in granting Noble's motion in limine, but the State failed to file a transcript of any hearing(s) that the trial court held on Noble's motion. Without a transcript, we have no way to determine what testimony or other evidence emerged at the hearing(s). The trial court's journal entry only indicates that it considered the State's videotape exhibit of Noble's arraignment, plea, and sentencing in his 1992 conviction, and the copy of the certified docket entry in that case. The entry makes no reference to the evidence that Noble presented in support of his prima facie burden. See Brooke, supra (requiring defendant to set forth evidence that prior conviction was uncounseled and resulted in confinement). Since it was the State's burden to demonstrate any error on appeal, however, we must presume regularity in the proceedings below and find that Noble satisfied his prima facie burden. See Knapp,61 Ohio St.3d at 199.
 {¶ 13} Moreover, even if the hearing (or hearings) below was not evidentiary in nature the videotape and certified copy of the docket entered into the record support the conclusion that Noble's prior conviction was uncounseled and resulted in confinement. The videotape shows that Noble did not have an *Page 7 
attorney with him in the Elyria Court and that he replied "no" when the trial court asked him if he wanted "to be represented by an attorney." Therefore, he was without counsel at the time of his conviction. The certified docket entry evinces that the Elyria Court sentenced Noble to three days in jail and allowed him to substitute a three day alcohol program for his three days of jail time. Because a suspended sentence constitutes a term of confinement under the enhancement cases, we find that Noble's sentence resulted in confinement. See Alabama v.Shelton (2002), 535 U.S. 654, 658 (finding that it is unconstitutional for an uncounseled defendant to be given a suspended sentence of imprisonment because the sentence may "end up in the actual deprivation of [his] liberty); State v. Williams, 5th Dist. No. 02CA00017, 2002-Ohio-4244, at ¶ 18-19; Parma v. Romain, 8th Dist. No. 87133,2006-Ohio-3952, at ¶ 22-23; State v. Kelly (2003), 154 Ohio App.3d 285,290-292 (Reece, J., dissenting). Accordingly, the State has not demonstrated on appeal that the trial court erred in its determination that Noble satisfied his prima facie burden. We next consider the State's argument that Noble properly waived his right to counsel.
 {¶ 14} Crim.R. 44(B) governs the assignment of counsel in petty offenses and provides as follows:
 "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." *Page 8 
Unlike serious offense cases, it is not mandatory for a waiver in a petty offense case to be in writing. Crim.R. 44(C). A petty offense is defined as "a misdemeanor other than [a] serious offense." Crim.R. 2(D). A serious offense means "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).
 {¶ 15} The certified copy of the docket entry in Noble's 1992 offense indicates that his conviction was a misdemeanor of the first degree. At the time of Noble's conviction, the Revised Code provided, in relevant part:
 "(B) Terms of imprisonment for misdemeanor shall be imposed as follows:
 "(1) For a misdemeanor of the first degree, not more than six months[.]" R.C. 2929.21.
Because Noble's penalty did not include confinement for more than six months, his 1992 conviction constituted a petty offense. See Crim.R. 2. We have already noted that the State need not produce a written waiver of counsel in a petty offense case. See Crim.R. 44(C). However, the State still must demonstrate that Noble knowingly, intelligently, and voluntarily waived counsel below. Crim.R. 44(B). Without the transcript of the hearing(s) below, we cannot conclude that the trial court erred in finding that the State failed in its burden. See Knapp,61 Ohio St.2d at 199. This Court must presume regularity and find that the State failed to rebut Noble's prima facie burden under Brooke. Consequently, the State's sole assignment of error is without merit. *Page 9 
 III. {¶ 16} The State's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 10 
 WHITMORE, P. J. DICKINSON, J. CONCUR *Page 1