[Cite as *State v. Kessler*, 2013-Ohio-4858.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 12CA010318 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELIZABETH D. KESSLER | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 2012TRC02859 |

DECISION AND JOURNAL ENTRY

Dated: November 4, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Elizabeth Kessler, appeals from her conviction in the Oberlin Municipal Court. This Court affirms.

I

{¶2} In June 2012, Kessler was charged with: (1) operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; (2) OVI with a breath alcohol content of more than .08, but less than .17, in violation of R.C. 4511.19(A)(1)(d), a misdemeanor of the first degree; and (3) failure to control, in violation of R.C. 4511.202, a minor misdemeanor. Kessler's citation indicated that she had an OVI conviction in 2007 in Oklahoma.

{¶3} Kessler filed a "motion to dismiss and/or motion to suppress" her prior OVI conviction. She argued that the prior conviction did not meet the constitutional requirements to be considered as an enhancement to her current OVI charge. The court held a change of plea

hearing the same day her motion was filed. After the court reviewed the possible penalties with her, Kessler entered a plea of no contest to the OVI charge. The State dismissed the remaining counts. The court found Kessler guilty of OVI and set a date for another hearing to determine if the prior OVI offense should be considered in sentencing.

{¶4} After a hearing, the court concluded that her prior conviction was not constitutionally infirm and used that conviction to calculate the mandatory jail time. The court sentenced Kessler to 90 days in jail with 80 days suspended, fines, a one-year license suspension, and three years of community control. Kessler now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE APPELLANT WAS PREJUDICED AT SENTENCING DUE TO THE INEFFECTIVE ASSISTANCE OF THE APPELLANT'S TRIAL COUNSEL WHO FAILED TO ESTABLISH A PRIMA FACIE CASE THAT HER PRIOR CONVICTION FOR OVI WAS BOTH UNCOUNSELED AND RESULTED IN CONFINEMENT AND THEREFOR (sic) CONSTITUTIONALLY INFIRM[.]

{¶5} In her sole assignment of error, Kessler argues that her counsel was ineffective for failing to establish that her prior OVI conviction resulted in confinement. According to Kessler, if her prior OVI conviction had resulted in confinement the court could not have used that conviction to enhance her sentence.

{¶6} To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Accord State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three

of the syllabus. In Ohio, the burden of proof lies with the defendant because a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62.

**{¶7}** A defendant convicted of his or her first OVI is subject to a mandatory three days in jail. R.C. 4511.19(G)(1)(a)(i). If the defendant has a prior OVI within the last six years, the mandatory jail time is increased to ten days. R.C. 4511.19(G)(1)(b)(i). "Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the [S]tate proposes to use the past conviction to enhance the penalty of a later criminal offense." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 9. Because prior convictions are entitled to a presumption of validity, the defendant has the burden to produce evidence of "constitutional infirmity." *State v. Brandon*, 45 Ohio St.3d 85 (1989), syllabus.

**{¶8}** The defendant can meet this burden by showing that his or her prior conviction resulted in confinement and was obtained in violation of his or her Sixth Amendment right to counsel. *Brooke* at syllabus. If the defendant presents a prima facie showing that he or she "had not been represented by counsel and had not validly waived the right to counsel and that the prior conviction[ ] had resulted in confinement, the burden shifts to the [S]tate to prove that the right to counsel was properly waived." *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, syllabus.

**{¶9}** Kessler filed a motion to dismiss and/or suppress her prior conviction. In her motion, she argued that her prior 2007 OVI conviction from Oklahoma is constitutionally infirm because when she pleaded to it she was uncounseled and did not waive her right to counsel. The trial court held a hearing, and Kessler presented the current Oklahoma OVI statute which requires a mandatory ten days' imprisonment for the first offense. Kessler admitted, however,

that she did not serve any time in jail, but that she "did community service * * * [and] had probation time." Kessler argued at the hearing that because she was subject to a prison term, was unrepresented by counsel, and did not waive her Sixth Amendment right to counsel, the court could not use that prior conviction to enhance her current sentence. The trial court, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, found that "since the prior conviction did not result in confinement the prior offense in Oklahoma must be considered for purposes of the mandatory sentencing law."

**{¶10}** On appeal, Kessler now argues that her prior conviction did "result in a [recognized] form of confinement." We note that, in the record before us, there is neither a journal entry nor any written or recorded evidence concerning the precise details of Kessler's sentence from her prior Oklahoma OVI conviction. *See e.g., State v. Noble,* 9th Dist. Lorain No. 07CA009083, 2007-Ohio-7051. In support of her argument, she attached an affidavit to her brief. However, this affidavit is not a proper appendix and will not be considered by this Court. Loc.R. 7(B)(9). "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13. *See also* App.R. 9 & 12(A)(1)(b).

**{¶11}** Based on the information in the record, Kessler cannot establish that her prior conviction resulted in confinement, and therefore, she cannot establish that her trial counsel was ineffective. Kessler's assignment of error is overruled.

### III

**{¶12}** Kessler's assignment of error is overruled. The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JUSTIN M. WEATHERLY, Attorney at Law, for Appellant.

MICHELLE NEDWICK, Prosecuting Attorney, for Appellee.