DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Damon Sibley, who is an adult, told police that he had had sex approximately ten times with his girlfriend's fifteen-year-old daughter. He also provided them a written statement in which he asserted that, every time he and the alleged victim had engaged in "coitus," the victim had initiated it. He was convicted of unlawful sexual conduct with a minor. His sole assignment of error on appeal is that his conviction is not supported by sufficient evidence. Specifically, he has argued that, in the absence of other evidence establishing that some adult engaged in sexual conduct with the alleged victim, the corpus delicti *Page 2 
rule rendered his confession and written statement insufficient to support his conviction. He has further argued that, even with his confession and written statement, there was no evidence of sexual penetration, as required to prove some kinds of sexual conduct. This Court affirms Mr. Sibley's conviction because he has not assigned error to the trial court's admission of testimony regarding his confession and his written statement and, once received, they were sufficient to prove that he engaged in sexual conduct with the alleged victim.
 BACKGROUND {¶ 2} Mr. Sibley, his girlfriend, his girlfriend's fifteen-year-old daughter, and his girlfriend's fourteen-year-old son lived together in a house in Akron. Near midnight on September 28, 2005, Mr. Sibley's girlfriend telephoned Akron Police and reported a suspected burglary. When Police arrived at the house, the girlfriend told them that she had heard a noise in her daughter's second-floor bedroom. She knocked on the door and opened it as a man was leaving through a window. She apparently only caught a glimpse of him, because she was only able to say that he was wearing white tennis shoes with a blue stripe. Her daughter, however, said that the person in her room had been Mr. Sibley.
 {¶ 3} Mr. Sibley arrived while police were still at the house. He was wearing white tennis shoes with a blue stripe. When police asked why he had been in the daughter's room, he initially denied that he had been. Under further questioning, he said that he had gone into the room and out the window onto the *Page 3 
roof to burn sparklers. He said he was on the roof for about five minutes. When police told him that his girlfriend had seen someone going through the window, had immediately looked outside, and had not seen anyone on the roof, he said he had not burned any sparklers, but had instead jumped off the roof because a friend had driven up.
 {¶ 4} At some point in the questioning, one of the officers told Mr. Sibley that it "was not a rape to have sex with a girl that was 15 years old." The officer actually read to the defendant from the Ohio Revised Code to convince him that, if he had engaged in sexual intercourse with his girlfriend's daughter, he had not raped her. Mr. Sibley then told the officer that he had "had sex" with his girlfriend's daughter approximately ten times. He said that "she would text him and that was how he knew they were supposed to have consensual sex."
 {¶ 5} Mr. Sibley then prepared a written statement in which he wrote that, on the night he had been in the girlfriend's daughter's room, he had received a text message from her. He further wrote that, "[i]n the past, that meant consensual sex." According to him, the girlfriend's daughter had "been after" him since the preceding May. He concluded: "I would like to note that every time we engaged in coitus [the girlfriend's daughter] initiated it."
 {¶ 6} Mr. Sibley was charged with one count of unlawful sexual conduct with a minor. He waived his right to a jury and was tried to the court. Neither his girlfriend nor his girlfriend's daughter appeared for trial, although one of the *Page 4 
officers who had come to investigate the burglary testified, without objection, to statements the girlfriend and her daughter had made to him. In addition, one of the officers testified, without objection, to Mr. Sibley's confession that he and the alleged victim had "had sex" ten times. Mr. Sibley's written statement was also received into evidence without objection.
 {¶ 7} Mr. Sibley testified on his own behalf. He claimed that he had been drinking at his brother's house earlier in the evening. He said that, after he came home from his brother's, he went into his girlfriend's daughter's bedroom to retrieve a CD. According to him, a friend came to pick him up and he left through the back door. He said he returned to the house because his girlfriend called and told him someone had gone out her daughter's bedroom window. He claimed that he had told police he had a sexual relationship with his girlfriend's daughter, partly out of frustration with having been confined in a police cruiser for interrogation for a long period of time and partly to retaliate against his girlfriend for her accusations against him; that he was intoxicated when he made the statements; and that the officers had not only told him that sexual intercourse with a fifteen-year-old was not rape, but had told him it was not a crime.
 {¶ 8} The parties stipulated to admission of records from a medical examination performed on Mr. Sibley's girlfriend's daughter, as well as a magistrate's order from a juvenile court proceeding involving the girlfriend's custody of another of her children. According to the medical records, the *Page 5 
girlfriend's daughter denied ever having sexual intercourse with Mr. Sibley, and, according to the magistrate's order, the daughter testified at the juvenile court proceeding that she had falsely accused Mr. Sibley of molesting her. The State did not present any physical evidence of sexual activity between Mr. Sibley and his girlfriend's daughter.
 {¶ 9} The trial court convicted Mr. Sibley and sentenced him to a three-year prison term, suspended on the condition that he complete two years of community control sanctions. The judge told Mr. Sibley that he did not think the State would have had a case against him had he not confessed:
 I'll make this comment to you, Mr. Sibley: Through all this, you've been your own worst enemy. And, frankly, but for your confession, I don't think they would have a case. It's that simple. And I don't know — I think you're — if you don't mind me saying it to you, I don't know how you thought you would get around that part of it. So I don't accept your explanation.
 THIS COURT'S STANDARD OF REVIEW {¶ 10} Mr. Sibley's sole assignment of error is that his conviction is not supported by sufficient evidence. In reviewing sufficiency, this Court must determine whether the evidence before the trial court, if believed, would have convinced that court of Mr. Sibley's guilt beyond a reasonable doubt. State v. Jenks, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).
 THE CORPUS DELICTI RULE *Page 6 {¶ 11} Mr. Sibley has argued that, in determining whether his conviction is supported by sufficient evidence, this Court cannot consider his confession and written statement. According to him, a confession cannot serve as evidence of a crime unless there is other evidence in the record establishing the "corpus delicti" of that crime. The corpus delicti is the body or substance of the crime, including (1) the criminal act, and (2) the criminal agency of the act. State v.Maranda, 94 Ohio St. 364, paragraph one of the syllabus (1916).
 {¶ 12} Mr. Sibley was convicted of engaging in sexual conduct with a minor. The corpus delicti of the crime, therefore, would be that some adult engaged in sexual conduct with the alleged minor victim.
 {¶ 13} It is important to recognize that Mr. Sibley did not object in the trial court to testimony regarding his confession or to the admission of his written statement. Further, although he has included in his brief to this Court a statement that "[b]efore a confession to a crime is admissible, the state must have some evidence outside of the confession tending to establish the corpus delicti," he has not assigned error to the trial court's receipt of testimony about his confession or its receipt of his written statement. Rather, his sole assignment of error is that his conviction is not supported by sufficient evidence. The issue presented by this aspect of Mr. Sibley's argument is whether the corpus delicti rule deals solely with admissibility or whether it impacts upon sufficiency of evidence once a confession is admitted. *Page 7 
 {¶ 14} There is a statement in the Ohio Supreme Court's opinion inState v. Maranda, 94 Ohio St. 364, 369 (1916), that, without corroborating evidence, a confession is insufficient to support a conviction: "[A]n extrajudicial confession is not sufficient in and of itself to sustain a conviction of a crime." The syllabus of that case, however, was a holding that there has to be corroborating evidence before a confession is admissible. The Supreme Court did not include anything in its syllabus about the sufficiency of a confession once it is admitted:
 It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible.
Id., paragraph two of the syllabus. At the time Maranda was decided, only the syllabus of Supreme Court opinions stated the law. See Supreme Court Rules of Practice, 94 Ohio St. v, ix. The statement in the opinion regarding sufficiency, therefore, was dicta. Maranda,94 Ohio St. at 369; but see Blackburn v. State, 23 Ohio St. 146, paragraph three of the syllabus (1872).
 {¶ 15} More recent decisions have stated the corpus delicti rule solely in terms of admissibility. For example, in State v. VanHook, 39 Ohio St. 3d 256, 261 (1988), the Supreme Court wrote that, "[b]efore an out-of-court confession will be admitted, the corpus delicti must be established by evidence outside the confession." Similarly, in State v. Black, 54 Ohio St. 2d 304, 307 (1978), it wrote that "[t]he necessity of independently proving the corpus delicti to render an extrajudicial confession admissible is well established." Despite the language in *Page 8 
the Supreme Court's opinion in Maranda regarding sufficiency, therefore, this Court has concluded that the corpus delicti rule is only a rule of admissibility. Once admitted, an extrajudicial confession is just like any other evidence and may, standing alone, establish both the fact that a crime was committed and that the defendant committed it. That is, an extrajudicial confession, once admitted, can be sufficient to support a conviction.
 {¶ 16} Inasmuch as Mr. Sibley did not object before the trial court to testimony regarding his confession or to admission of his written statement and has not assigned error in this Court to the trial court's receipt of that testimony and statement, the corpus delicti rule is not implicated by this appeal. Rather, the only issue is whether the evidence that was before the trial court, including testimony regarding Mr. Sibley's confession and his written statement, is sufficient to support his conviction.
 SUFFICIENCY {¶ 17} Mr. Sibley has argued that the evidence before the trial court was not sufficient to prove sexual penetration. Section 2907.04 of the Ohio Revised Code, under which Mr. Sibley was convicted, prohibits individuals who are eighteen years old or older from engaging in "sexual conduct" with individuals they know are thirteen years old or older but less than sixteen years old. "Sexual conduct," for purposes of Section2907.04, is defined at Section 2907.01(A) of the Ohio Revised Code as: *Page 9 
 . . .vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
 {¶ 18} In his written confession, Mr. Sibley made two references to sexual activity with the alleged victim:
 I went over [to] my brother's house, until I received a text from [the victim] telling me to come home. In the past that meant consensual sex.
 . . . .
 I would like to note that every time we engaged in coitus, [the victim] initiated it.
At trial, when he was asked whether he knew what "coitus" means, he responded:
 THE DEFENDANT: Yes. Engage in sexual activity.
 {¶ 19} According to Mr. Sibley, his admissions that he and the victim had "consensual sex," "engaged in coitus," and engaged in "sexual activity" do not necessarily mean that he sexually penetrated the victim. "Sexual activity" is defined in Section 2907.01(C) of the Ohio Revised Code as meaning "sexual conduct," "sexual contact," or both. While, as mentioned above, some forms of "sexual conduct," as used in the Revised Code, require sexual penetration, sexual contact, as used in the Revised Code, does not. "Coitus," on the other hand, means "sexual intercourse." Webster's New World Dictionary 272 (3rd College Ed. 1988). Mr. Sibley's admission that he engaged in "sex" with his girlfriend's *Page 10 
fifteen-year-old daughter, particularly coupled with his statement that they engaged in "coitus," was sufficient to prove that his sexual activities with her included penetration.
 CONCLUSION {¶ 20} Mr. Sibley's conviction is supported by sufficient evidence. His assignment of error is overruled, and the judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 11 
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1