[Cite as *State v. Wright*, 2011-Ohio-5641.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 25638 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| NAOMI E. WRIGHT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 10 05 1244 |

DECISION AND JOURNAL ENTRY

Dated: November 2, 2011

---

BELFANCE, Presiding Judge.

**{¶1}** Appellant, Naomi Wright, appeals the order of the Summit County Court of Common Pleas that found her guilty of Aggravated Trafficking in Drugs and sentenced her to community control. This Court affirms.

I.

**{¶2}** Police arrested Ms. Wright after a shopper at the Old Navy store in Fairlawn reported a suspicious transaction in the presence of children in the parking lot. Ms. Wright confessed that she had sold six Adderall pills to Margaret "Maggie" Leasure, an acquaintance of Ms. Wright's aunt, for twenty-five dollars. In the written statement that she provided to police, Ms. Wright said that she had not been forced or threatened to provide a statement; that she was not under the influence of drugs or alcohol; and that she willingly provided the statement, having been advised of her rights, without the presence

of an attorney. When police questioned Ms. Leasure after the incident, she independently confirmed that she purchased Adderall, although she later asserted that the pills were Aleve. Ms. Wright was charged with Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), which is a third-degree felony.

{¶3}   Ms. Wright later moved to suppress her written statement, arguing only briefly that she feared that her children would be removed from her custody if she did not confess. Although the motion was filed outside the time permitted by Crim.R. 12, the trial court scheduled a hearing on the same date as a previously scheduled status conference. It is unclear from the trial court's docket whether the trial court conducted the hearing, and neither party subpoenaed witnesses. Ms. Wright waived her right to a jury trial and was tried to the bench. No further mention of the motion to suppress was made. Her attorney filed a written motion to exclude the confession for a different reason, but he did not object to its introduction at trial. The trial court found Ms. Wright guilty and sentenced her to two years of community control. Ms. Wright appealed. Her three assignments of error are rearranged to facilitate their disposition.

II.

**ASSIGNMENT OF ERROR III**

**"THE TRIAL COUT ERRED IN EFFECTIVELY DENYING WRIGHT'S MOTION TO SUPPRESS BY FAILING TO HOLD AN EVIDENTIARY HEARING ON THE MOTION, AND THEN FAILING TO RULE ON THE MOTION."**

{¶4}   Ms. Wright's third assignment of error is that the trial court incorrectly failed to rule on her motion to suppress. Because the record does not indicate that Ms.

Wright brought this alleged error to the trial court's attention and she has not argued plain error, we conclude that she has forfeited this argument for purposes of appeal.

{¶5} "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Childs* (1968), 14 Ohio St.2d 56, 61, citing *State v. Glaros* (1960), 170 Ohio St. 471, paragraph one of the syllabus. Courts may recognize plain error that affects a substantial right when necessary to prevent a manifest miscarriage of justice. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶¶15-16. Nonetheless, "this Court will not construct a claim of plain error on a defendant's behalf if the defendant fails to argue plain error on appeal." *State v. Arnold*, 9th Dist. No. 24400, 2009-Ohio-2108, at ¶8.

{¶6} Although the record is clear that Ms. Wright filed a motion to suppress her written statement and that the trial court scheduled the motion for a hearing, the record does not indicate whether the hearing went forward or what, if any, further discussions occurred related to the motion to suppress. It is, of course, possible that no further proceedings occurred. To the extent that they may have, however, they are not reflected in the record. See, generally, *State v. Daniels*, 9th Dist. No. 08CA009488, 2009-Ohio-1712, at ¶22. What is clear from the record before us is that a pretrial had been previously scheduled for the same date as the hearing on the motion to suppress; that Ms. Wright subsequently waived her right to a jury trial; and that she made no further mention of the motion to suppress before or during the trial to the bench.

{¶7} In light of these circumstances, we cannot conclude that Ms. Wright preserved this alleged error for purposes of appeal. Because she has not argued that the trial court committed plain error, we decline to address that matter. Ms. Wright's third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

**"THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE AND PREJUDICIAL ERROR, AND/OR PLAIN ERROR, IN ALLOWING EVIDENCE OF DEFENDANT'S ALLEGED CONFESSION WITHOUT ANY PRIOR OR SUBSEQUENT EVIDENCE ESTABLISHING THE CORPUS DELICTI OF THE ALLEGED CRIME."**

{¶8} Ms. Wright concedes that her attorney did not object to the admission of her confession at trial. Consequently, her first assignment of error is that the trial court committed plain error by admitting her written statement into evidence contrary to the corpus delicti rule. We do not agree.

{¶9} In order for this Court to recognize plain error, the record on appeal must demonstrate an error that constituted an "'obvious' defect in the trial proceedings" and affected the outcome of the trial. See *Payne*, 2007-Ohio-4642, at ¶16, quoting *State v. Barnes* (2002), 94 Ohio St.3d 21, 21. The corpus delicti rule is a rule of admissibility. *State v. Sibley*, 9th Dist. No. 23439, 2007-Ohio-7054, at ¶15. It requires "'some proof'" of the act underlying the charge and the criminal agency involved in the act. *State v. Van Hook* (1988), 39 Ohio St.3d 256, 261, quoting *State v. Maranda* (1916), 94 Ohio St. 364, 371. It does not require evidence going to every element of the offense, but only some evidence related to "*some* material element," and "the standard of proof is not a

demanding one." (Emphasis in original.) *Van Hook*, 39 Ohio St.3d at 261, quoting *Maranda*, 94 Ohio St. at paragraph two of the syllabus. Circumstantial evidence will suffice. *State v. Goff*, 9th Dist. No. 21114, 2003-Ohio-1134, at ¶11. The rule "'was born out of great caution by the courts, * * * [but] [i]n light of the myriad procedural protections granted defendants in modern criminal practice, * * * the corpus delicti rule is supported by few practical or social policy considerations.'" *Van Hook*, 39 Ohio St.3d at 261, quoting *Maranda*, 94 Ohio St. at 370. As such, the Ohio Supreme Court has declined to apply the rule "'with a dogmatic vengeance.'" *Van Hook*, 39 Ohio St.3d at 261, quoting *State v. Edwards* (1976), 49 Ohio St.2d 31, 35-36.

{¶10} In this case, the State presented some evidence at trial going to the act committed and the criminal agency thereof in the form of the testimony of Maggie Leasure, who initially confirmed to police that she obtained Adderall from Ms. Wright because her own prescription was exhausted. At trial, Ms. Leasure claimed that after she spoke to police she discovered one of the pills on the floor at home and upon examination, the pill was actually Aleve and not Adderall. The credibility of Ms. Leasure's entire testimony, however, goes to the weight of the evidence adduced at trial and is not relevant for purposes of the corpus delicti rule.

{¶11} Because there was some evidence going to both the act charged and the criminality thereof, the trial court did not err in admitting Ms. Wright's written statement. In the absence of error, there is no plain error to be noticed. Ms. Wright's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

### "[MS.] WRIGHT'S CONVICTION WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW."

{¶12} Ms. Wright's second assignment of error is that her conviction for aggravated trafficking in drugs is based on insufficient evidence. We disagree.

{¶13} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009–Ohio–6955, at ¶18, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386. The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273. The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. Id.

{¶14} Viewing this evidence in this light, this Court is convinced that the State produced sufficient evidence that Ms. Wright sold Adderall to Ms. Leasure in the presence of juveniles. Ms. Wright was convicted of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1)/(C), which prohibits selling or offering for sale any controlled substance that is classified on schedule I or II. When committed in the presence of a juvenile, the offense is a third-degree felony. R.C. 2925.03(C)(1)(b). In this case, Ms. Wright confessed that she met Ms. Leasure at the Mustard Seed Market,

where they exchanged money that Ms. Wright needed to buy her own medicine for six Adderall tablets. Ms. Wright provided the empty prescription bottle to the police at the scene. Ms. Leasure informed the police that she had received Adderall from Ms. Wright, but that she had consumed all six pills by the time she gave a statement. Judy Cain, who called the police, testified that she saw money changing hands and that there were young children present.

{¶15} Ms. Wright has argued that her conviction is not supported by sufficient evidence because, under *State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, she believes that the State was required to prove a detectable amount of Adderall changed hands in the alleged transaction. In other words, her argument is that a controlled substance under R.C. 2925.03(A)(1) must be proved only by direct evidence. Her reliance on *Chandler* is misplaced.

{¶16} In that case, two defendants were convicted of trafficking in crack cocaine. Id. at ¶94. In the course of the alleged sale, one defendant offered to sell the drugs to the buyer; the other completed the transaction, but using baking soda instead of crack cocaine. Id. at ¶93. Each received an enhanced sentence under R.C. 2925.03(C)(4)(g). Id. at ¶94. The Supreme Court concluded that "there is no doubt" that a person can be convicted under R.C. 2925.03(A)(1) without evidence that an actual drug changed hands, but that a major drug offender penalty could not be imposed in those circumstances. Id. at syllabus, ¶9. In this case, only a conviction under R.C. 2925.03(A)(1) is at issue, not a sanction as a major drug offender. Consequently, *Chandler* is inapplicable. In fact, the Ohio Supreme Court has declined to extend the holding in *Chandler* even with respect to

the major drug offender specification "to cases where a substance offered for sale is not recovered or tested in order to ascertain whether it contains a detectable amount of a controlled substance." *Garr v. Warden, Madison Corr. Inst.*, 126 Ohio St.3d 334, 2010-Ohio-2449, at ¶2. As the Supreme Court concluded in *Garr*:

> "*Chandler* did not address the principle that the state can establish any element of any crime through circumstantial evidence. As we stated in *State v. Jenks* (1991), 61 Ohio St.3d 259, 272-273, * * * 'there is but one standard of proof in a criminal case, and that is proof of guilt beyond a reasonable doubt. This tenet of the criminal law remains true, whether the evidence against a defendant is circumstantial or direct.'" *Garr*, 2010-Ohio-2449, at ¶27.

Ms. Wright's second assignment of error is overruled.

### III.

{¶17} Ms. Wright's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.