[Cite as *State v. Richerson*, 2012-Ohio-457.]

STATE OF OHIO            )                    IN THE COURT OF APPEALS
                        )ss:                  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO                                 C.A. No.      25902

     Appellee

     v.                                      APPEAL FROM JUDGMENT
                                             ENTERED IN THE
DERECK RICHERSON                             COURT OF COMMON PLEAS
(FNA DEREK RICHARDSON)                       COUNTY OF SUMMIT, OHIO
                                             CASE No.      CR 10 01 0098
     Appellant

DECISION AND JOURNAL ENTRY

Dated: February 8, 2012

---

     DICKINSON, Judge.

INTRODUCTION

**{¶1}** Nine months after getting into a dispute with Michael Drake at a construction site, Dereck Richerson saw him at a convenience store. After walking behind Mr. Drake and readying himself, Mr. Richerson called Mr. Drake by his nickname in a friendly tone. When Mr. Drake turned around with his arm extended to shake hands, Mr. Richerson started punching him repeatedly. Mr. Drake attempted to defend himself, but Mr. Richerson continued punching and kicking him until he fell to the floor. At some point, Mr. Drake grabbed a hammer, which he had brought to the store to do repairs for the owner. Before he could use it, Mr. Richerson grabbed the other end. As Mr. Richerson stood over Mr. Drake, he told Mr. Drake not to make him kill him. He then lifted up the left side of his jacket, showing Mr. Drake his gun holster. Mr. Richerson left the store, but was arrested a short time later. According to one of the arresting officers, Mr. Richerson told him that he showed Mr. Drake his gun because he did not want Mr.

Drake to hit him with the hammer. Mr. Richerson also told someone during a call that he made from jail that he had showed Mr. Drake his gun. The Grand Jury indicted Mr. Richerson for felonious assault with a firearm specification and aggravated menacing. Mr. Richerson waived his right to a jury trial, and a judge found him guilty of felonious assault and the firearm specification. The court sentenced him to five years in prison. Mr. Richerson has appealed, arguing that the firearm specification is not supported by sufficient evidence and that the court committed plain error when it admitted his out-of-court statements about having a gun. We affirm because Mr. Richerson's conviction is supported by sufficient evidence and the trial court properly admitted his inculpatory statements.

SUFFICIENCY

{¶2} Mr. Richerson's first assignment of error is that there was insufficient evidence to find him guilty of the firearm specification. Under Section 2941.14.5 of the Ohio Revised Code, a trial court must impose a three-year mandatory prison term on an offender who "had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." Mr. Richerson has argued that no one saw him with a gun at the time he attacked Mr. Drake.

{¶3} At trial, the prosecutor played a video of the attack from the store's security camera. At one point, Mr. Richerson stands over Mr. Drake and lifts up the left-side of his jacket, showing Mr. Drake something that is near his hip. He then exits the store, telling Mr. Drake that he had better not follow him. Mr. Drake gets up and shouts to the cashier, who had called 911, that Mr. Richerson has a gun. At trial, Mr. Drake initially testified that Mr.

Richerson pulled out his gun, but later explained that all he could remember seeing was a gun holster.

{¶4}    At the time Mr. Richerson was arrested, there was a gun and a holster lying on the passenger seat of his vehicle.  One of the arresting officers testified that Mr. Richerson told him that he showed Mr. Drake the gun because Mr. Drake had grabbed a hammer.  Mr. Richerson also told someone that he spoke to from jail that he had showed Mr. Drake his gun.

{¶5}    Viewing the evidence in a light most favorable to the prosecution, we conclude that it could have convinced the average finder of fact beyond a reasonable doubt that Mr. Richerson had a gun in his possession at the time he attacked Mr. Drake.  *State v. Jenks*, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).  Mr. Richerson's first assignment of error is overruled.

CORPUS DELICTI

{¶6}    Mr. Richerson's second assignment of error is that the trial court committed plain error when it admitted his out-of-court statements about having a gun.  He has argued that his statement to the arresting officer and his jail telephone conversation were inadmissible unless there was other evidence to establish the corpus delicti of the firearm specification.  According to Mr. Richerson, there was no evidence other than those statements to prove that he had a gun during the attack.

{¶7}    Mr. Richerson has acknowledged that, because he did not object to the admission of his statements at trial, he is limited to arguing plain error.  Crim. R. 52(B).  Plain errors must be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *State v. Long*, 53 Ohio St. 2d 91, 97 (1978).

**{¶8}** The term "corpus delicti" refers to "the body or substance of the crime" and includes two elements, the act and "the criminal agency of the act." *State v. Maranda*, 94 Ohio St. 364, paragraph one of the syllabus (1916). The Ohio Supreme Court has held that, "[b]efore an out-of-court confession will be admitted, the corpus delicti [of the crime] must be established by evidence outside the confession." *State v. Van Hook*, 39 Ohio St. 3d 256, 261 (1988). According to the Supreme Court, "[i]t is sufficient if there is some evidence outside of the confession that tends to prove some material element of the crime charged." *Id.* (quoting *Maranda*, 94 Ohio St. 364, at paragraph two of the syllabus). The standard of proof is not demanding and does not even need to include "such evidence as would rise to the level of a prima facie case." *Id.* "The prosecution need only adduce '*some* proof . . . *tending* to prove the act and its agency[.]'" *Id.* (quoting *Maranda*, 94 Ohio St. at 371). "Circumstantial evidence will suffice." *State v. Wright*, 9th Dist. No. 25638, 2011-Ohio-5641, at ¶ 9.

**{¶9}** To prove the elements of the firearm specification, the State had to establish that Mr. Richerson "had a firearm" on him at the time of the attack. It also had to establish that Mr. Richerson displayed, brandished, indicated that he possessed, or used a gun to facilitate his attack. R.C. 2941.14.5. For Mr. Richerson's statements to be admissible under *Maranda* and *Van Hook*, however, the State only had to present some evidence of either of those elements. *State v. Van Hook*, 39 Ohio St. 3d 256, 261 (1988).

**{¶10}** Mr. Drake testified that, during the attack, Mr. Richerson "reached up and showed [the] holster of [his] gun[.]" His statement was some evidence that Mr. Richerson "indicated that [he] possessed [a] firearm" under Section 2941.14.5. Shortly after the attack officers saw a gun and holster on the seat of Mr. Richerson's vehicle. Mr. Drake's statement, along with the finding of the gun and holster, were some evidence that Mr. Richerson had a gun at the time of the

attack. *See State v. Knight*, 2d Dist. No. 2003 CA 14, 2004-Ohio-1941, at ¶ 18 ("[A] factfinder may infer that [a] defendant possessed a deadly weapon based on his words and conduct."). We, therefore, conclude that the trial court correctly allowed Mr. Richerson's statements into evidence. Mr. Richerson's second assignment of error is overruled.

## CONCLUSION

**{¶11}** Mr. Richerson's conviction was supported by sufficient evidence and the trial court correctly admitted Mr. Richerson's out-of-court statements about having a gun. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
MOORE, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.